UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAY KAYONGO,

    Plaintiff,

    v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Case No. C19-1435RSM

ORDER OF DISMISSAL

This matter comes before the Court *sua sponte*. *Pro se* Plaintiff Kay Kayongo brings this matter against Defendants United States of America, naming specifically the Obama Administration, as well as the State of Washington, King County, the City of Tukwila, and others. Dkt. #11. The original Complaint was posted on the docket on September 10, 2019. Dkt #1. Summonses have been issued, however there is no evidence of service and Plaintiff has moved for service by U.S. Marshal. *See* Dkt. #5. Upon review of the Complaint, the Court found it lacked subject matter jurisdiction over Plaintiff's nebulous claims and ordered her to amend. Dkt. #7. On December 16, 2019, Plaintiff filed her Amended Complaint. Dkt. #11. The Court has reviewed this second pleading and finds that Plaintiff has failed to correct the issues identified in the Court's prior Order.

Although federal claims are listed, they are not articulated in a way that can establish this Court's subject matter jurisdiction. Plaintiff uses a form pleading that states, "If the Basis for Jurisdiction is a Federal Question List the specific federal statutes, federal treaties, and/or

ORDER OF DISMISSAL - 1

provisions of the United States Constitution that are at issue in this case." Dkt. #11 at 3. Plaintiff lists the following without further explanation: "5th, 7th, 9th, 13th, 14th AMENDENT [sic] into US Constitution; Title 18 subsection 241, 242, 246; Title 28 subsection 1331, 1343 (a)(1,2,3), 1346 (b), 1357, 1367 (2), 1402 (a)(1) (b), 1652 (RCW 9A.56.010(1(a))(6)(11), RCW 9A.56.020 (4)); 1653; Title 42 section 21, subsection 1981(a)(b), 1982, 1983, 1985 (3), 2000e (a); 2671, 2674(2), 2675, 2677, 2679, 2680." *Id*. These citations never appear again in the pleading. While this is an improvement over the first Complaint, which provided no legal citations or causes of action, Plaintiff has failed to connect these sources of law to facts or the actions of Defendants. Instead she recites a series of events in her life in a stream of consciousness that the Court cannot follow. *See* Dkt. # 11 at 5–8. Because Plaintiff has constructed her Amended Complaint in this way, the Court is left with the distinct impression that Plaintiff has simply copied and pasted sources of law without satisfying Federal Rule of Civil Procedure 8(a)'s requirement for a "short and plain statement of the claim showing that the pleader is entitled to relief."

Plaintiff divides her facts into sections for each of the Defendants. She first addresses her allegations against the United States. To the best of the Court's understanding, Plaintiff is claiming that the Obama Administration engaged in theft or conversion or unauthorized use of her records or information of a claim for damages that she filed against Washington State and the City of Tukwila after she faxed it to the White House. *See* Dkt. #11 at 5. She states that she has learned that the White House used her faxes "as illustration of just compensation before using it for the public interest and benefit to clean environment for the re-engineering of the old houses, apartments, business and residential building and to build the new ones for clean environment…" *Id*. The Court does not have jurisdiction over such a claim; such allegations

ORDER OF DISMISSAL - 2

do not give rise to any cause of action. Plaintiff next addresses her concerns that back in 2010 President Obama visited Washington State and did not have adequate security. *Id.* Again, this cannot give rise to a cause of action for the Plaintiff, much less the Court's jurisdiction over such a claim. No citations are made to any of Plaintiff's previously cited sources of federal question jurisdiction.

Plaintiff next addresses allegations against the State of Washington, King County, and the City of Tukwila. She appears to refer to comments she made "if she became the manager of jail" as to how the King County Administrative Buildings Security desks should be arranged, and an incident at some point where "the King County Sheriff refused me to pass through from the courthouse to the Administration Building." *See id.* at 6. It is extremely difficult for the Court to follow these allegations. In any event, they do not give rise to a federal question or any cause of action as stated, and no citation is made to Plaintiff's previously cited sources of federal question jurisdiction.

Finally, Plaintiff refers to being stabbed in Tukwila and/or being assaulted on a bus in 2009 and again in 2012 or 2013 and again in 2017 and again in 2019. *Id.* at 6–7. She refers to her assailants as "black Slave Offender[s]." Id. at 7. She states that her claim for damages was dismissed by a state court and that she was unlawfully evicted. *Id*. at 6. She states that "defendants have received the same allegation since 2011 over and over…" *Id*. at 7.

From these facts, Ms. Brown abruptly alleges that Defendants have deprived her of her "intellectual intangible personal property," as well as her life, right to school, right to work, and right to get married and have children and be respected as a married woman. *Id*. at 9. She claims damages in the amount of $44 billion. *Id*.

ORDER OF DISMISSAL - 3

Federal Rule of Civil Procedure 12(h)(3) states that the Court must dismiss an action if it determines, at any time, that it lacks subject matter jurisdiction. This issue can be raised directly by the Court without motion by a party. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction" as well as "a short and plain statement of the claim showing that the pleader is entitled to relief."

As with her original Complaint, Plaintiff's Amended Complaint fails to satisfy the pleading requirements of Rule 8(a). The Court's careful review of Plaintiff's list of sources of law, her factual narrative, and her request for relief once again indicates that the Court does not have subject matter jurisdiction over Plaintiff's claims. Plaintiff's claims are impossible to decipher as written, reference state law matters, and refer to certain events occurring so many years in the past as to be barred by the statute of limitations. Accordingly, the Court finds that Plaintiff's claims are properly dismissed for lack of subject matter jurisdiction.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff's claims are DISMISSED.

2) All pending Motions are STRICKEN as moot.

3) This case is CLOSED.

DATED this 6 day of January, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 4