UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAY KAYONGO,

        Plaintiff,

        v.

UNITED STATES OF AMERICA, et al.,

        Defendants.

Case No. C19-1435RSM

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

      This matter comes before the Court on Plaintiff Kay Kayongo's Motion for Reconsideration. Dkt. #15. Ms. Kayongo's handwritten Motion is 24 pages long with 15 pages of attachments. *Id*. The Motion is plainly titled a motion for reconsideration, but also erroneously cites Washington State Court Rule 59 for vacating and reconsidering an order.

      "Motions noted under LCR 7(d)(1), except motions for temporary restraining orders, shall not exceed six pages." LCR7(e)(1). "Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

      A motion for relief from judgment under Federal Rule of Civil Procedure 59(e) should be granted when the Court: "(1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 1

in the controlling law." *In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted).

As an initial matter, Plaintiff's Motion, clearly labeled a "Motion for Reconsideration," exceeds the applicable page limit by 18 pages. The Court would typically only consider the first six pages of this filing. However, because Plaintiff's Motion could be interpreted as a Motion for relief under Federal Rule of Civil Procedure 59(e), the Court has reviewed the entire document in an abundance of caution.

Ms. Kayongo makes no reference to newly discovered evidence (evidence discovered since her Amended Complaint) or intervening change in the controlling law. She is essentially arguing only that the Court's prior Order contained manifest error or was manifestly unjust. In support of this contention, she asserts repeatedly that she did cite federal law in her Amended Complaint although she may have "accidenty [sic] typ[ed] the wrong citation…" Dkt. #15 at 2. She argues that the form pleading she was using stated specifically not to make legal argument in certain sections. *Id*. at 10–11. She maintains that her pleading satisfies Rule 8 because she plainly stated the facts of her case. *Id*. at 12–13. She reiterates the facts of her case in a fashion similar to her Amended Complaint, which has already been addressed by the Court's prior Order. *See* Dkt. #14.

While Ms. Kayongo may have intended to include some different citations to federal law in her Amended Complaint, the problems with her pleading run deeper than one or two incorrect citations. As the Court previously noted, her lengthy list of citations at the beginning of her pleading are never referenced again in connection with the facts of her case. *See* Dkt. # 11 at 5–8. Because Plaintiff has constructed her Amended Complaint in this way, the Court concluded that Plaintiff simply copied and pasted sources of law without satisfying Federal

Rule of Civil Procedure 8(a)'s requirement for a "short and plain statement of the claim showing that the pleader is entitled to relief." This was not manifest error. She cannot remedy this pleading issue with a Motion for Reconsideration, and the Court has previously granted her an opportunity to amend. Further, and more importantly, the Court's review of the *facts* of her case led to the inescapable conclusion that the Court does not have jurisdiction over her claims no matter how they are further articulated. In any event, Ms. Kayongo does not adequately argue why the Court's prior analysis of the facts of her case, as pled, constitutes manifest error. The Court stands by its prior determination that:

> As with her original Complaint, Plaintiff's Amended Complaint fails to satisfy the pleading requirements of Rule 8(a). The Court's careful review of Plaintiff's list of sources of law, her factual narrative, and her request for relief once again indicates that the Court does not have subject matter jurisdiction over Plaintiff's claims. Plaintiff's claims are impossible to decipher as written, reference state law matters, and refer to certain events occurring so many years in the past as to be barred by the statute of limitations. Accordingly, the Court finds that Plaintiff claims are properly dismissed for lack of subject matter jurisdiction.

Dkt. #14 at 4.

The Court finds no other basis to reconsider its prior Order. Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Reconsideration, Dkt. #15, is DENIED.

DATED this 28 day of January 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 3